## JOHN A. LITTLEFIELD, *v.* HALSEY P. CLARK, ADM'R OF CHARLES H. LOW.

It is not a valid objection to a report of Commissioners upon claims against an insolvent estate, that it merely sets forth the amounts which the Commissioners have allowed as due to the respective claimants.

*Semble*, That parole evidence is competent to show that a claim has been presented to such Commissioners, and been by them rejected in whole or in part.

THIS was an appeal from a decree of the Court of Probate of Hopkinton, receiving the report of the commissioners upon claims against the estate of Charles H. Low, represented insolvent. The appellant, Littlefield, holding three claims against said estate, each of a distinct character from the others, presented them to the commissioners, who in making their report to the Court of Probate, neither lodged with the court the identical claims submitted to them, nor copies of them, nor even made mention of the facts concerning these claims: but stated simply that they allowed the claimant a trifling sum. Said Littlefield opposed the reception of the report, on the ground of its indefiniteness in this regard, but the Court of Probate overruled his objection, and he appealed to this court.

*Manchester* and *W. H. Potter* in support of the appeal, stated the practical difficulty which existed to be, that their client intended to prosecute his claims at common law, under the statute, and to do this he was bound to show that his claims had been presented to the commissioners and by them been rejected : a fact which, as some contended, could be shown only by the production of the commissioners' report. This report, it was manifest, did not show that any claim had been presented, other than for the paltry sum which the commissioners had reported as allowed. The report, they therefore contended should be recommitted to the commissioners, that they might supply the obvious defect, unless, indeed, the Court should hold the law to be that by parole evidence the facts concerning the said claims might be shown on trial before a jury.

*E. R. Potter* for the appellee, insisted that the report was unobjectionable, inasmuch as it was in conformity with the statute, which does not require commissioners to report the claims presented, but simply the claims by them allowed.

THE COURT, after advisement, expressed their concurrence in the view of the statute relied upon by the counsel for the appellee, but added, that thus construing the statute, it seemed necessarily to follow that a claimant must be permitted to show by parole evidence, those facts connected with his claim, which the same statute requires him to show as a condition precedent to the maintenance of his action at law upon his rejected claim.

Upon this intimation of the Court's opinion, a decree was entered by consent of parties, dismissing the appeal.